ORDERED.

Dated:  August 31, 2020

_____
Michael G. Williamson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

David Arrigoni,   Case No. 8:17-bk-07940-MGW
   Chapter 11

     Debtor,
_____/

**ORDER GRANTING DEBTOR'S AMENDED**
**MOTION TO APPROVE SALE OF REAL PROPERTY**
**FREE AND CLEAR FROM ALL LIENS, CLAIMS AND ENCUMBRANCES**

THIS CASE came on for consideration at a hearing on August 26, 2020 on the Debtor's Amended Motion to Approve Sale of Real Property Free and Clear from All Liens, Claims and Encumbrances **[Doc. 267]** (the "Motion").  The Debtor seeks an order approving the sale of the real property located at 1845 Rodeo Drive in Tallahassee, Florida ["Real Property"] to Samique Dallas ["Buyer"], free and clear of all liens, claims, encumbrances and interests in connection with the Contract for Sale and Purchase ["Contract"], which was attached to the Motion.  Having considered the record and argument of counsel, the Court finds that the Court has jurisdiction over this matter, that sufficient service and notice of the Motion and the Notice of Hearing has been provided, that the requirements of Bankruptcy Rule 2002 has been satisfied, and that no other or further notice need be provided.  The Court further finds that the transaction is an arm's

length transaction, that the Buyer is a good faith purchaser for value, not an insider, and unrelated to the Debtor, and that the relief requested in the Motion is in the best interests of the Debtor, the Estate, and all of the creditors and parties in interest.

Accordingly, it is hereby **ORDERED**:

1. The Motion is GRANTED.

2. The Contract and all of its terms and conditions are approved.

3. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b).

4. Proper, timely, and sufficient notice of the Motion and Notice of Hearing, including a reasonable opportunity to object to the Motion, the Hearing, and the transactions contemplated by the Contract has been provided and no further notice need be provided.

5. The Contract was negotiated, proposed and entered into by Debtor and Buyer without collusion, in good faith and from arm's-length bargaining positions. Buyer is not an insider of the Debtor, as that term is defined in §101 of the Bankruptcy Code. Good and sufficient reasons for approval of the relief requested in the Motion have been articulated, and the relief requested in the Motion is in the best interests of the Debtor, its Estate, its creditors and other parties in interest.

6. The Debtor has demonstrated both (a) good, sufficient, and sound business reasons and justifications, and (b) compelling circumstances for a sale of the Real Property outside of the ordinary course of business pursuant to §363(b) of the Bankruptcy Code.

7. Pursuant to §§ 363(b)1) and 363(f) of the Bankruptcy Code, the Debtor is authorized to sell and transfer the following Real Property to the Buyer free and clear of all liens, claims, and interests, consistent with the terms of the Contract:

>Lot 23, Block B of FRONTIER ESTATES, UNIT 2 & 3, according to the plat thereof as recorded in Plat Book 10, Page 60, of the Public Records of Leon County, Florida.

8.  The Debtor is authorized to execute and deliver such documents and take such actions as may be necessary, desirable, or appropriate to consummate and close the sale of the Real Property to the Buyer pursuant to the terms of the Contract, and to otherwise comply with the terms of the Contract and this Order, without further application to or order of the Court.

9.  Pursuant to §363(f) of the Bankruptcy Code, the Real Property shall be transferred free and clear of any and all liens, claims, encumbrances, and interests, including, without limitation, the following ["the Liens and Interests"]:

   a. Mortgage that was originally recorded by the Bank of Tallahassee on April 24, 2006 at Official Records Book 3493, Page 1029 of the public records of Leon County, Florida, and subject to a Modification of Mortgage recorded at Book 3867, Page 16118 in the original amount of $60,000.00. The mortgage is currently held by Iberia Bank, which was served with the Motion and the Notice of Hearing.

   b. Judgment Lien in favor of Iberia Bank recorded on November 17, 2014 at Official Records Book 4735, Page 262 of the public records of Leon County, Florida in the original amount of $448,575.26.

   c. Tax Lien recorded by the United States Department of the Treasury Internal Revenue Service on February 23, 2016 at Official Records Book 4898, Page 496 of the public records of Leon County, Florida in the original amount of $19,890.14.

    d. Tax Lien recorded by the United States Department of the Treasury Internal Revenue Service on March 3, 2016 at Official Records Book 4901, Page 1096 of the public records of Leon County, Florida in the original amount of $159,662.85.

    e. Tax Lien recorded by the United States Department of the Treasury Internal Revenue Service on June 21, 2017 at Official Records Book 5077, Page 641 of the public records of Leon County, Florida in the original amount of $20,807.65.

10. All liens, claims encumbrances and interests shall attach to the proceeds of the sale of the Real Property in the order of their priority, with the same validity, force, and effect that they now have against the Real Property.

11. Upon closing of the sale of the Real Property to the Buyer, the Debtor is authorized to disburse from the sale proceeds:

    a. All amounts due to the Tax Collector of Leon County, Florida for delinquent property taxes owed on the Property.

    b. An amount to New Residential Mortgage Loan Trust 2017-2 or its assigns, by and through its loan servicer, Nationstar Mortgage LLC d/b/a Mr. Cooper ["Nationstar"], sufficient to satisfy the mortgage recorded on November 12, 2003 at Official Records Book 2988, Page 293 of the official records of Leon County, Florida upon receiving a valid payoff and executed satisfaction of mortgage in recordable form.

    i. Nationstar's lien shall be **paid in full** subject to a payoff quote obtained at the time of closing.  Nationstar shall be paid directly through the escrow company within forty-eight (48) hours of closing.

    ii. Debtor shall contact Nationstar and/or its counsel of record prior to the closing of the sale to obtain an updated payoff quote for the Subject Loan.  Nationstar reserves the right to require an updated payoff demand prior to any close of escrow to ensure Nationstar's claim is paid in full.  Expired payoff quotes may not be used to close escrow.

    iii. Nationstar's Claim shall not be surcharged in any way with the costs of the sale, broker commissions, attorneys' fees, trustee fees, or any other administrative claims, costs or expenses in connection with the sale of the Property.

    iv. In the event the sale of the Property is not completed or funds are not received by Nationstar to satisfy the Subject Loan in full after closing, Nationstar shall retain its lien for the full amount due under the Note.

    v. To the extent Debtor disputes any amounts which Nationstar claims are owed on the Subject Loan, the undisputed amount of Nationstar's Claim shall be paid at the close of the sale.  The disputed amount of Nationstar's claim shall be segregated in an interest bearing account with an additional 10% cushion above the disputed amount of the claim to be disbursed pending further Order of the bankruptcy court to allow for Nationstar's potential recovery of any of its reasonable attorney's fees and costs incurred to the extent that Nationstar

        successfully establishes its right to the disputed amount due on its Claim.

      vi. If Debtor fails to close escrow and payoff the Subject Loan in accordance with this Order within sixty (60) calendar days of entry of the Order, the Order shall be void.

    c. A sum equal to 6% of the sale price to Hector DeLao, the Court approved broker for the sale of the Real Property, in full satisfaction of all fees and expenses due the Broker in connection or in any way related to the Real Property or the sale thereof.

    d. All customary fees and costs associated with such a transaction including without limitation: taxes, recording fees, the settlement fee, owner's title insurance premium, title search costs, title disbursement fees, title closing fees, title document preparation/paraprofessional/notary fees, courtier, FedEx fees, recording fees, and other customary title and closing fees and costs.

12. The Court finds the Buyer to be a good faith purchaser for value of the Real Property within the meaning of §363(m) of the Bankruptcy Code and Buyer is, therefore, entitled to all of the protections afforded thereby. Any reversal or modification on appeal of the authorization provided herein to consummate the sale of the Real Property shall not affect the validity of the sale of the Real Property to the Buyer.

13. The Contract and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided however,

that any such modification, amendment or supplement does not have a material adverse effect on the Bankruptcy Estate.

      14. The Court retains jurisdiction to enforce and supplement the terms and provisions of any agreement relating to the sale of the Real Property (including, but not limited to, the Contract), all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith in all respects and to hear and determine all matters arising from or related to this Order.

Attorney Sherri L. Johnson is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.